Mary Jo O'Neill, AZ Bar No. 005924
James P. Driscoll-MacEachron, AZ Bar No. 027828
Casey Arellano, AZ Bar No. 031242
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Phoenix District Office**
3300 North Central Ave., Suite 690
Phoenix, AZ 85012
Telephone: (602) 661-0059
Fax: (602) 640-5071
Email: mary.oneill@eeoc.gov
      james.driscoll-maceachron@eeoc.gov
      casey.arellano@eeoc.gov

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Equal Employment Opportunity Commission, | **CIVIL ACTION NO.:** |
| Plaintiff, | **COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| Lowe's Home Centers, LLC d/b/a Lowe's, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Heather Kaino, Charging Party Chris Bucolo and other aggrieved individuals who were adversely affected by such practices during their employment with Defendant Lowe's Home Centers, LLC d/b/a Lowe's. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Lowe's subjected Kaino,

Bucolo and other aggrieved individuals to sexual harassment in violation of Title VII. The EEOC also alleges Lowe's constructively discharged Kaino by forcing her to leave her employment due to the intolerable working conditions Lowe's imposed on her and the sexual harassment she endured because of her sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. The EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Lowe's, a North Carolina corporation, has continuously been doing business in the State of Arizona and Lake Havasu City and has continuously had at least 15 employees.

5. At all relevant times, Lowe's has continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days before the institution of this lawsuit, Kaino and Bucolo filed charges with the EEOC alleging Lowe's violated Title VII.

7. Kaino amended her charge on November 28, 2018.

8. The EEOC provided Lowe's with notice of Kaino's charge of discrimination on November 4, 2018, and of Bucolo's charge of discrimination on July 5, 2019.

9. On August 16, 2021, the EEOC issued Letters of Determination to Lowe's as to each charging party, finding reasonable cause to believe that Lowe's had violated Title VII and inviting Lowe's to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On March 10, 2022, the EEOC issued Notices of Failure of Conciliation to Lowe's as to each charging party, advising Lowe's that the EEOC was unable to secure conciliation agreements acceptable to the EEOC.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least 2009 Lowe's has engaged in unlawful employment practices based on sex in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a) by creating a hostile work environment for Kaino and other aggrieved individuals at Lowe's Lake Havasu City location because of their sex, female, due to the unwelcome behavior of Lowe's employee William Wetzel.

13. Lowe's hired Charging Party Kaino to work at the Lake Havasu City location in September 2008.

14. Shortly after beginning her employment, Kaino transferred to a position as Pro Service Specialist, which is a customer service and sales role.

15. Kaino worked the same day shift with Pro Service Specialist William Wetzel five days a week.

16. During their time working together, Wetzel subjected Kaino to unwelcome sexual conduct on a daily basis, including, but not limited to, inappropriate sexual comments or innuendos.

17. For example, Wetzel regularly referred to Kaino as "lunch," and commented on her appearance. He also discussed his sex life in front of Kaino and made sexual remarks to and about her. These sexual remarks included referring to Kaino "coming" and telling another employee that he would like to see Kaino "strap one on."

18. Kaino regularly told Wetzel to stop when he made these kinds of sexual comments and gestures.

19. Wetzel's sexually harassing behavior was so open, notorious, and frequent that Lowe's knew or should have known about it.

20. Indeed, managers at Lowe's Lake Havasu City store were aware of Wetzel's inappropriate behavior and were at times present when he acted inappropriately but failed to stop it.

21. Kaino also complained of Wetzel's inappropriate behavior to several Lowe's managers on numerous occasions.

22. In October 2018, Kaino complained to Manager John Sanchez that Wetzel's sexual harassment had not stopped.

23. Lowe's managers failed to take measures to promptly address Wetzel's sexual harassment of Kaino.

24. On December 6, 2018, Kaino filed a report on Wetzel's sexual harassment through Lowe's EthicsPoint hotline.

25. That same month, Kaino went on short-term disability due to the stress and anxiety she suffered from Wetzel's continued sexual harassment.

26. During the relevant time period, Wetzel also subjected other Lowe's female employees to unwelcome and inappropriate sexual comments that managers at Lowe's knew or should have known about.

27. After transferring from a Lowe's in Texas, Charging Party Bucolo started working at the Lake Havasu store in August 2012.

28. Bucolo worked in the same Pro Service Department as Kaino and Wetzel, starting in 2017.

29. Bucolo frequently heard or was exposed to Wetzel's sexual comments and innuendos.

30. For example, Bucolo heard Wetzel discuss how he likes to have sex, his sexual performance with his wife, and make statements related to his penis. Bucolo also observed Wetzel thrust his hips and simulate oral sex and witnessed his regular comments to Kaino.

31. Lowe's knew or should have known about Wetzel's sexual harassment of Bucolo.

32. Bucolo complained to managers at the Lake Havasu store about Wetzel's harassment, including on several occasions in fall 2018.

33. Bucolo also complained about Wetzel's inappropriate behavior through Lowe's EthicsPoint hotline, however, Wetzel's sexual harassment continued.

34. Wetzel subjected other female employees, including Daya Ward, to sexual harassment.

35. Lowe's knew or should have known about Wetzel's sexual harassment of other female employees.

## FIRST CLAIM FOR RELIEF

### [Sexual Harassment/Hostile Work Environment (42 U.S.C. § 2000e-2(a)]

36. The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

37. Lowe's discriminated against Kaino, Bucolo and other aggrieved individuals in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting them to sexual harassment because of their sex, female.

38. The offensive conduct described in the preceding paragraphs was sufficiently severe or pervasive to alter the terms and conditions of employment for Kaino, Bucolo and other aggrieved individuals.

39. Lowe's knew or should have known about the hostile or sexually offensive work environment suffered by Kaino, Bucolo and other aggrieved individuals because of sex, female.

40. Lowe's management did not take reasonable steps to promptly prevent or remedy sexually harassing behavior in the workplace.

41. The effect of the practices complained of above has been to deprive Kaino, Bucolo, and other aggrieved individuals of equal employment opportunities and otherwise affect their status as employees because of their sex, female.

42. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

43. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of the charging parties and other aggrieved individuals.

## SECOND CLAIM FOR RELIEF

### [Constructive Discharge– 42 U.S.C. 2000e-2(a)]

44. The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

45. Lowe's discriminated against Kaino by constructively discharging her in violation of Title VII.

46. The working conditions Lowe's created by the unlawful actions against Kaino alleged in the preceding paragraphs were intolerable such that a reasonable female employee subjected to such would not have continued to subject herself to choose between continuing her employment and her own safety and wellbeing. As noted above, Wetzel sexually harassed Kaino regularly, including but not limited to daily sexual comments and innuendos for several years. Kaino repeatedly complained to Lowe's management, but they failed to promptly address Wetzel's sexual harassment of Kaino. Lowe's nonetheless required Kaino to choose between returning to work with the people who failed to intervene to protect her or resign.

47. The effect of the practices complained of above has been to deprive Kaino of equal employment opportunities and otherwise affect her status as an employee because of her sex, female, in violation of Title VII.

48. The unlawful employment practices by Lowe's described above were intentional.

49. The unlawful employment practices by Lowe's complained of herein were done with malice or reckless indifference to Kaino's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Lowe's, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sexual harassment, constructive discharge of employees because of sex or any other employment practice which discriminates on the basis of sex.

B. Order Lowe's to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices, including sex discrimination, especially providing sexual harassment training to its managers, supervisors, and non-supervisory employees.

C. Order Lowe's to make whole Kaino, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to lost wages, front pay, benefits, and compensation for all monetary losses.

D. Order Lowe's to make whole Kaino, Bucolo, and other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Lowe's to pay Kaino, Bucolo, and other aggrieved individuals punitive damages for its malice or reckless indifference to their federally protected rights, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the EEOC its costs of this action.

**JURY TRIAL DEMAND**

The EEOC requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 30 day of August 2022.

> Gwendolyn Young Reams
> Acting General Counsel
>
> Mary Jo O'Neill
> Regional Attorney
> Phoenix District Office
>
> James Driscoll-MacEachron
> Supervisory Trial Attorney
>
> /s/*Casey Arellano*
> Casey Arellano
> Trial Attorney
>
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> Phoenix District Office
> 3300 North Central Avenue, Suite 690
> Phoenix, Arizona 85012
> Phone: 602-661-0059
> Email: casey.arellano@eeoc.gov