# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

                                              Case No: 3:22-cv-08152-SPL

LOWE'S HOME CENTERS, LLC,

    Defendant.

---

## PROPOSED CONSENT DECREE

---

### I.   RECITALS

1.    This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), an agency of the United States, alleging that Defendant, Lowe's Home Centers, LLC ("Lowe's"), engaged in unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* by (1) subjecting Heather Kaino and Chris Bucolo and others to a hostile work environment because of sex at its Lake Havasu City location; and (2) by forcing Heather Kaino to resign employment because of alleged sexual harassment, including the Defendant's failure to remedy or prevent the sexual harassment of her. Defendant has denied all Plaintiff's allegations that it violated Title VII. Each party agrees that this Consent Decree is not an admission of the claims or defenses of the other party.

2.    The Parties to this Decree are the Plaintiff EEOC, Intervenors Kaino and Bucolo, and the Defendant, Lowe's Home Centers, LLC, also known as "Defendant" or "Lowes".

3.    The Parties, desiring to settle this action by an appropriate Consent Decree
("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this
action and agree to the power of this Court to enter a Consent Decree enforceable against
Defendant.

4.    As to the issues resolved, this Decree is final and binding upon the Parties and
their successors and assigns.

5.    Defendant and their officers, agents, employees, successors, and all other persons
in active concert or participation with any of them will not interfere with the relief herein ordered
but shall cooperate in the implementation of this Decree.

6.    To amicably resolve disputed claims, the Parties jointly request this Court to
adjudge as follows:

## IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### II.    JURISDICTION

7.    The Parties stipulate the jurisdiction of the Court over the Parties and subject
matter of this action and have waived the entry of findings of fact and conclusions of law.

8.    The Court shall retain jurisdiction of this action for the duration of the Decree to
enter all orders, judgments, and decrees which may be necessary to implement its terms and the
relief provided.

### III. TERM, SCOPE, AND ISSUES RESOLVED

9.    **Term:** The duration of this Decree shall be three (3) years from the date of
signing by the Court.

10.    **Scope:** The terms of this Decree shall apply to the Lowe's Lake Havasu, Arizona location and the Human Resources District staff who have responsibility for the Lake Havasu City location, which is currently District 885.

11.    **Issues Resolved**: This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charges of Discrimination Number 540-2018-04027 and 540-2019-03646- filed by Heather Kaino and Chris Bucolo, respectively.

12.    **Non-Waiver of EEOC Claims:** Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section VIII ("Enforcement of Consent Decree"). Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree.

## IV.    MONETARY RELIEF

13.    In accordance with this Decree, and in full settlement of all monetary claims asserted by the EEOC, Defendants agree to pay the total amount of $700,000 ("the Settlement Amount") to resolve this matter with respect to the EEOC's claims on behalf of Heather Kaino, Chris Bucolo, and Daya Ward, as well as Heather Kaino's claims and Chris Bucolo's claims as plaintiff-intervenors.

14.    Within thirty (30) days of the later of (1) the entry of this Decree; (2) Defendant's receipt of an executed Release in the form attached as Exhibit A to the Decree from each of the Claimants; or (3) the receipt of the necessary tax documents to process payments under this Decree (Forms W-9 from Heather Kaino, Chris Bucolo, and Daya Ward, and a W-4 from Heather Kaino). The Defendant shall pay Heather Kaino $158,355 as back pay and $1,345

to Heather Kaino for reimbursement for medical expenses. Lowes shall pay $219,747.50 to Heather Kaino, $186,147.50 to Chris Bucolo, and $134,405.00 to Daya Ward as compensatory damages for emotional pain, suffering, inconvenience, loss of enjoyment of life, and other compensatory damages, permitted by the Civil Rights Act of 1991.

15.     Payments designated "back pay" shall be reported on IRS Form W-2. The Defendant shall be responsible for paying its share of payroll taxes for "back pay" and, in accordance with a newly submitted W-4, withholding applicable payroll taxes owed by Heather Kaino. Payments designated as "compensatory damages" shall be reported on IRS Form 1099 by Defendants by January 31, 2023, and shall not be subject to withholdings.

16.     The Defendant will not condition the receipt of individual relief upon Heather Kaino's, Daya Ward's, and Chris Bucolo's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendant's facilities in the United States.

17.     Within three (3) business days after payments are mailed to Heather Kaino, Daya Ward, and Chris Bucolo at the addresses provided to Defendants by EEOC, Defendant shall submit to EEOC a copy of the checks issued. The Defendant shall mail the checks for Heather Kaino and Chris Bucolo to Troy Foster, the attorney representing them as plaintiff-intervenors.

18.     All costs associated with the distribution of settlement funds to Heather Kaino, Daya Ward, and Chris Bucolo shall be paid by Defendant.

## V.     OTHER INDIVIDUAL RELIEF

19.     **Expungement of Personnel Files**: Within thirty (30) calendar days of the entry of this Decree, Defendant shall expunge from Heather Kaino's, Daya Ward's, and Chris Bucolo's personnel files (a) any and all references to the charge of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (c) any and all references to Heather Kaino's, Daya Ward's, and Chris Bucolo's participation in this action.

20.     **Requests for Employment References and Letters of Reference**: Should any prospective employer request a reference for Heather Kaino, Daya Ward, and/or Chris Bucolo, or should Heather Kaino, Daya Ward, and/or Chris Bucolo wish to seek an employment reference for their employment at Defendant, they shall direct all such requests to Lowe's designated employer reference telephone number, The Work Number, currently: 1-800-367-2884. The Work Number shall respond to reference requests by providing their respective dates of employment and final job title. The Defendant shall also provide a letter of reference that states that her performance of duties was satisfactory, the dates of employment, position(s), and the fact that they are eligible for rehire, in the form attached as Exhibit B.

## VI.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

21.     Defendant, their officers, agents, successors, and other persons in active concert or participation with them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex, including but not limited to sexual harassment.

22.     Defendant, their officers, agents, successors, and other persons in active concert or participation with them, are enjoined from engaging in reprisal or retaliation of any kind

against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended. The Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII. The Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness of discrimination in future investigations or proceedings.

### B. *EEO Policy and Record-Retention Review*

23.     Within sixty (60) calendar days of the entry of this Decree, the Defendant shall review and, if necessary, revise its existing EEO policies, including any sexual harassment or retaliation policies. The Defendant must adopt and/or maintain a comprehensive policy against sexual harassment and retaliation.

24.     The Defendant's written policies related to EEO and sexual harassment and retaliation must include at a minimum:

24.1.     A strong and clear commitment to preventing unlawful sex discrimination, including but not limited to sexual harassment.

24.2.     A strong and clear commitment to preventing retaliation;

24.3.     A clear and complete definition of sexual harassment and retaliation;

**24.4.** A statement that discrimination based on sex, including but limited to sexual harassment, and retaliation is prohibited and will not be tolerated;

**24.5.** A clear and strong encouragement of persons who believe they have been discriminated against or retaliated against to report such concerns;

**24.6.** A detailed explanation of how harassment and/or retaliation complaints or reports can be made by employees, including but not limited to providing the contact information for the Associate Care Center (which can be accessed online through Lowe's intranet or by calling a designated toll-free number) to whom employees can report their concerns about discrimination, harassment, or retaliation, and alternatively inviting employees to make such complaints to any manager, who can be reached either in person or by calling the store general switchboard;

**24.7.** A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**24.8.** An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**24.9.** An assurance that appropriate corrective action will promptly be taken by Defendant to eradicate the unlawful conduct within its workforce and take appropriate corrective and remedial action;

7

    **24.10.** A description of the consequences, including specific disciplinary actions up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

    **24.11.** A policy of maintaining confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation whenever feasible;

    **24.12.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation; and

    **24.13.** An assurance that Defendant views retaliation against any individual who reports harassment as intolerable conduct that will be addressed promptly.

  **25.**  Within thirty (30) calendar days after completion of the policy review required under this Decree, those written EEO policies and specific policies addressing sexual harassment and retaliation shall be distributed to each current employee of the Defendant at the Lake Havasu, Arizona facility in written form (including by electronic means). For the duration of the Decree, the written EEO policies, anti-harassment policies, and anti-retaliation policies shall also be distributed in writing (including by electronic means) to all new employees when hired by Defendant at its Lake Havasu, Arizona location. The Defendant shall make the written EEO policies, anti-harassment policies, and anti-retaliation policies available in alternative formats if Lowe's becomes aware of the need for employees and applicants with disabilities and/or for persons who do not read English.

.

26.     Defendant shall review and, if necessary, revise any policies or procedures it has regarding the creation of and/or maintenance of records relating to complaints of sexual harassment and/or retaliation, including all verbal or written complaints. To the extent that no policies or procedures exist, they must be created. The Defendant shall assure that all supervisors, managers, human resources personnel, as well as any persons responsible for receiving and addressing employee complaints, do the following:

26.1.   Document in writing, any complaint of harassment and/or retaliation, even if the complaint is oral or the complainant does not want to provide a written statement.

26.2.   Interviews of all available potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct. If a potential witness is on leave or has left the employ of Lowe's, Defendant will attempt to contact the witness at their last known phone number and address.

26.3.   Document in writing, any interview by the person(s) investigating the complaint.

26.4.   A review of all documents and evidence which might shed light on the allegation(s), where such exists.

26.5.   Contemporaneous documentation in writing, all steps taken to investigate a complaint of harassment and/or retaliation.

26.6.   A credibility assessment as appropriate.

26.7.   A written finding of whether a violation of Lowe's policies addressing sexual harassment and retaliation has occurred.

26.8. Contemporaneous notes of all corrective and remedial measures where conduct that violates Defendant's policies addressing sexual harassment and retaliation is found.

26.9. Have in place a system of preservation, for all original records of complaints and subsequent investigations that ensure the preservation of all documents for no less than 5 years (unless a complaint is filed, in which case pertinent records must be maintained until that complaint is resolved).

26.10. The record-retention system shall, at a minimum, require that all records, including records of oral complaints, written complaints, anonymous complaints, notes of contact with complaining parties, notes of witness interviews, and any other materials pertaining to a complaint of sexual harassment, be promptly delivered to a clearly- designated, neutral custodian of records for the Defendant's employees working at the Lake Havasu facility and shall be retained by the Corporate Human Resources staff.

## C.   *Training*

27.     Defendant shall provide annual EEO training, anti-harassment training, and anti-retaliation training for all its employees at its Lake Havasu, Arizona location, pursuant to this Paragraph 27 and the subparts below for the duration of the Decree. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged sexual harassment or retaliation; (b) understanding the kind of conduct that may constitute unlawful sexual harassment and retaliation; (c) the penalties of engaging in sexual harassment or retaliatory behavior; and (d) Defendant's non-retaliation policy. All training under this Paragraph shall be at Defendant's selection and expense. The annual training sessions required for all types of employees listed below must be a live and

interactive training session, although it need not be conducted in person and rather can be conducted by some other means (e.g., online interactive training), so long as the employees have the ability to ask questions to be answered by the trainer during the training session. The training will be conducted as follows:

27.1. **Non-managerial Employees:**  Within one hundred and twenty (120) calendar days of entry of this Decree and each year for the duration of this Decree, Defendant will provide annual sex harassment and retaliation training for its non-managerial employees at the Lake Havasu location. The training would be mandatory and would be a minimum of one (1) hour. The training may be videotaped or otherwise recorded in an appropriate format so that any non-managerial employee who is unable to attend the scheduled training session will be trained within sixty (60) days of the scheduled training. New non-managerial employees hired after the annual training referenced above will receive the same or similar training within thirty (30) calendar days of being hired. The training under Paragraph 27.1 may be provided by outside vendors or a qualified Human Resource or Legal Professional employed by Defendant.

27.2. **Managerial, Human Resources, and Supervisory Employees:**  Within one hundred and twenty (120) calendar days of entry of this Decree and each year for the duration of this Decree, Defendant will provide annual managerial, supervisory, and human resources training for Store Managers, Assistant Store Managers, and Human Resources District staff who have responsibility for the Lake Havasu location, which is currently District 885. The Defendant will require all individuals in these roles to receive at least two (2) hours for supervisors and managers and three (3) hours for all Human Resources District staff training addressing sex discrimination, sexual harassment, and retaliation Defendant shall emphasize with managerial and

supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees, and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into a Store Manager or Assistant Store Manager for operations at the Lake Havasu to complete at least two (2) hours of sexual harassment and retaliation training within twenty (20) days of being hired or promoted. Defendant will also require employees who are newly hired or recently promoted into a Human Resources District staff, which is currently District 885, to complete at least three (3) hours of sexual harassment and retaliation training within twenty (20) days of being hired or promoted.

**27.3. Training on Investigative Techniques:** All employees with responsibility for responding to or investigating complaints of discrimination and/or harassment made by Defendant's employees at its Lake Havasu, Arizona location, which also includes Human Resources for District 885, shall be provided two (2) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, an analysis of the whether the investigation shows a violation of Lowe's policies addressing sexual harassment and retaliation, and methods for eliminating and ameliorating violations of anti-discrimination law. The training under Paragraph 27.1 may be provided by outside vendors or a qualified Human Resource or Legal Professional employed by Defendant. The training requirement in Paragraph 27.3 for the

first year of the Decree (only) can be satisfied by comparable investigative technique training received by the employees specified in this Paragraph within the six (6) months prior to the entry of this Decree.

28.     Defendant agrees that training attendance under Section 27.1, 27.2, and 27.3 will be tracked in a manner that permits Defendant to provide EEOC a registry of attendance as required by Paragraph 35.1 below.

### D.     Notice Posting

29.     Within twenty (20) calendar days after the Court's entry of this Decree, Defendant shall post in the Lake Havasu location, in a conspicuous place frequented by employees, the Notice attached as Exhibit C to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit C. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy. The Defendant shall certify to the Commission, in writing, within thirty (30) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### E.     Discipline for Violation of Policies

30.     Upon entry of this Decree and for the duration of this Decree, Defendant agrees that where it finds harassment or retaliation occurred at the Lake Havasu location, discipline will be administered to any such employee promptly and proportionately to the conduct or behavior at issue and the severity of the infraction of Defendant's anti-harassment and anti-retaliation policies. In administering discipline pursuant to this Paragraph, Defendant agrees that they will

take reasonable steps to maintain consistency of discipline and avoid any appearance that any particular type or level of an employee receives undue favor.

31.     Defendant certifies that William "Bill" Wetzel has not been employed by Defendant at any of Defendant's facilities or business locations in the United States since January of 2019, and agrees that Wetzel will not be reemployed by the Defendant or any affiliated company of the Defendant's at any time during the term of this Decree. Defendant also agrees that within fifteen (15) calendar days of the entry of this Decree, it will annotate Defendant's records for William "Bill" Wetzel to reflect that he is ineligible for rehire. Defendant agrees that within (15) calendar days of the entry of this Decree, it will contact William "Bill" Wetzel in writing and direct him to cease speaking negatively about Charging Party Heather Kaino to employers, prospective employers, and businesses in the Lake Havasu and the surrounding area. The Defendant shall document this contact in writing and will preserve it in Defendant's records for the term of this Decree and give the EEOC a copy of the letter within three (3) days of sending the letter to Wetzel.

**VII. Record Keeping and Reporting Provisions**

32.     For the duration of this Consent Decree, Defendant shall maintain all records concerning the implementation of this Consent Decree, including, but not limited to, all of the following:

32.1.  Personnel files for Heather Kaino, Daya Ward, William "Bill" Wetzel, and Chris Bucolo;

32.2.  Complaints of sex harassment and sex discrimination made in Defendant's Lake Havasu, Arizona location and records documenting investigation of such complaints.

including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken; and

32.3.  All documents related to the employee training described above, including but not limited to attendance sheets, agendas, and training materials.

33.     Defendant shall provide semi-annual reports to the Commission for each six-month period following the entry of this Decree. The reports shall be due forty-five (45) calendar days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

34.     **Reporting Requirements:** Each report pursuant to Paragraph 33 shall provide the following information:

**Reports of Discrimination:** For purposes of this Paragraph the term "report of sexual harassment" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex even if such terminology is not used by the complainant. "Report of retaliation" refers to retaliation for making a "report of sexual harassment" as defined in this paragraph. A "report of sexual harassment" and/or "report of retaliation" need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such languages that reasonably indicates an allegation of discrimination.

The report will include:

a.    The name, address, email address, and telephone number of each
person making a complaint of sexual harassment or retaliation for resisting or reporting sex
harassment to Defendant or any federal, state, or local government agency;

b.    The name, address, email address, and telephone number of each
person identified as a witness to the incident of harassment and/or retaliation;

c.    A summary of each complaint, including the date of the complaint,
the name of the individual(s) who allegedly engaged in the sexual harassment and/or retaliatory
conduct, the Defendant's investigation and response to the complaint, the name of the person
who investigated or responded to the complaint, and what, if any resolution was reached; and

d.    Copies of all non-privileged documents memorializing or referring
to the complaint, investigation, and/or resolution thereof.

35.    **Training**

35.1.  For each training program required under this Decree, and conducted
during the reporting period, Defendant shall submit a registry of attendance or certificates of
completion.

35.2.  For each training program conducted by an outside consultant or vendor,
Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

36.    **Posting of Notice**:  Defendant shall recertify to the Commission that the Notice
required to be posted under this Consent Decree has remained posted during the reporting period,
or, if removed, was promptly replaced.

37.    **Policy Review**:  Defendant shall report on the status of the EEO, anti-harassment,
and retaliation policy review process required above.

38.    **Record Keeping:** Defendant shall report on the creation and/or revision of any records keeping policies or practices required by this Decree, as required above.

39.    **Letter to Wetzel:** Defendant shall send a copy to the EEOC of the letter Defendant sends to Wetzel within three (3) days it is mailed to him and shall retain a copy for the duration of this Decree.

## VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

40.    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

41.    There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

42.    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including an extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered. Absent extension, this Decree shall expire by its own terms at the end of the 36th month from the date of entry without further action by the Parties

43.    In the event the Commission believes Defendant has failed to comply with its obligations under the terms of this Consent Decree, the Commission shall notify Defendant in writing stating with specificity what provision(s) of the Consent Decree it believes Defendant has failed to comply with and provide Defendant 30 days to remedy any non-compliance. If following the 30 days, the Defendant has still failed to become compliant, the Commission may petition this

Court for compliance with this Decree at any time during the period in which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including an extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

## IX. EEOC AUTHORITY

44. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEY'S FEES

45. Unless otherwise indicated, each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

46. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

For Plaintiff:                                    For Defendant:

Casey Arellano                                   Christopher DeGroff
Trial Attorney                                   Seyfarth Shaw LLP
EEOC Phoenix District Office                     233 S. Wacker Drive, Suite 8000
3300 N. Central Ave, Suite 690                   Chicago, IL 60606-6448
Phoenix, AZ 85012                                (312) 460-5982
(602) 661-0059                                   cdegroff@seyfarth.com
Casey.arellano@eeoc.gov

## XII. SIGNATURES

47.     The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _____ day of _____, 2022.

BY THE COURT:

_____

UNITED STATES DISTRICT JUDGE

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY          LOWE'S
COMMISSION

By: _____          By: _____
    Mary Jo O'Neill                      R.S. Trey O'Neale, III
                                         Vice President and
                                         Associate General Counsel

    Regional Attorney
Date: _8/30/2022_                    Date: _8/29/22_

APPROVED AS TO FORM:


Casey Arellano
Trial Attorney
EEOC Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012


Christopher DeGroff
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448


ATTORNEY FOR PLAINTIFF EEOC

ATTORNEY FOR DEFENDANTS


Troy Foster
The Foster Group PLLC
902 West McDowell Road
Phoenix, AZ 85007

ATTORNEY FOR HEATHER KAINO
AND CHRIS BUCOLO

**EXHIBIT A (Release)**

In consideration for $ _____ paid to me by Lowe's, in connection with the

resolution of EEOC v. Lowe's, Civ-. I waive my right to recover for any claims of sexual

harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 that I had

against Lowe's prior to the date of this release and that was included in the claims alleged in

EEOC's complaint in EEOC v. Lowe's.

Date: _____ Signature: _____

## EXHIBIT B (Letter of Reference)

RE:    EEOC v. LOWE'S

To Whom It May Concern:

On behalf of Lowe's, I am providing a reference for NAME. She worked for Lowe's from DATE to DATE as a POSITION. She performed her duties in a satisfactory manner and is eligible for rehire.

Sincerely,

_____
(Insert Title)
LOWE'S

85835852v.1                              23

## EXHIBIT C

### NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v Lowe's filed in the United States District Court for the District of Arizona, Civil Action No... 3:22-cv-08152-SPL

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the sex of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Lowes will not tolerate any form of sexual harassment or sex discrimination, including but not limited to:

- Unwanted sexual advances;
- Unwanted touching, groping, or other physical or verbal conduct of a sexual nature;
- Sexual comments or innuendo;
- Requests for sexual favors;
- Any demeaning, intimidating, threatening, or hurtful comments or behavior that shows hostility toward individuals because of their sex; or
- Treating female employees less favorably than male employees.

If you personally experience or witness any of the above types of behavior or any other form of sexual harassment, hostility, or disparate treatment because of sex, you are encouraged to contact one of the following persons, all of whom are equipped to communicate with you in either English and Spanish or can refer you to an individual who can help you who is able to communicate in your preferred language:

Equal Employment Opportunity Commission
3300 North Central Ave, Suite 690
Phoenix, Arizona 85012
(602) 661-4000
www.eeoc.gov

In compliance with federal law, no official at Lowe's will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

LOWES,

85835852v 1
24

By: _____     _____